LOCKHART, Respondent, v. HOFFMAN et al., Appellants. (Supreme ·Court, Appellate Division, Fourth Department. November 25, 1908.) Action by Ida J. Lockhart, as administratrix, etc., against Charles J. Hoffman and others. No opinion. Judgment and order affirmed, with costs.

LOCKHART, Respondent, v. HOFFMAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 2, 1908.) Action by Ida J. Lockhart, as administratrix, etc., against Charles J. Hoffman and another. No opinion. Motion for leave to appeal to Court of Appeals denied, with $10 costs.

LOGERTO Appellant, v. CENTRAL BUILDING CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by Frank Logerto against the Central Building Company. No opinion. Order affirmed, with $10 costs and disbursements. See, also, 123 App. Div. 840, ·108 N. Y. Supp. 604.

LOUGNOT, Appellant, v. CENTRAL NEW YORK TELEGRAPH & TELEPHONE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. November 25, 1908.) Action by Nicholas Lougnot, as administrator, etc., against the Central New York Telegraph & Telephone Company.

PER CURIAM. Judgment reversed, and new trial ordered, with costs to appellant to abide event. Held, that the evidence presented a question of fact, which should have been submitted to the jury.

McLENNAN, P. J., dissents.

LOVE et al., Appellants, v. GLOBE HAT MFG. CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 27, 1908.) Action by Samuel Love and others against the Globe Hat Manufacturing Company. No opinion. Judgment of the Municipal Court affirmed by default, with costs.

LOWENFELD et al., Respondents, v. CRYSTAL, Appellant. (Supreme Court, Appellate Division, First Department. November 20, 1908.) Action by Pincus Lowenfeld and others against Bernard Crystal. J. C. Weschler, for appellant. A. Pfeiffer, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LUCAS, Respondent, v. INTERNATIONAL PAPER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 4, 1908.) Action by Sidney Lucas against the International Paper Company.

PER CURIAM. It appearing that the justices qualified to sit in this appeal are equally divided and unable to render a decision therein, said appeal is ordered transferred to the Appellate Division of the Third Judicial Department, to be there heard and determined, pursuant to the provisions of section 231 of the Code of Civil Procedure.

WILLIAMS, J., not sitting.

LUMMIS, Respondent, v. FRIEDLANDER, Appellant. (Supreme Court, Appellate Division, First Department. November 20, 1908.) Action by Benjamin R. Lummis against Albert · Friedlander. L. S. Ehrich, Jr., for appellant. B. L. Peck, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LUPPE et al. v. MOORE & MUNGER CO. (Supreme Court, Appellate Term. January 7, 1909.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by Otto Luppe and others against the Moore & Munger Company. From a judgment of the Municipal Court in favor of defendant, plaintiffs appeal. Affirmed. Mark Eisner, for appellants. L. E. Warren, for respondent.

PER CURIAM. Judgment affirmed, with costs.

MacLEAN, J. (dissenting). It is undisputed that the defendant ordered of the plaintiffs 1,000 metal plates at 35 cents each, and that the following was to appear thereon: "Moore & Munger Co., Body Builders, 602–604 West 52d St. New York." Delivery in two installments and ·within a fixed time was provided for by the order, but time appears subsequently to have been waived. The delivery of the first installment was made and paid for, but the defendant claims rejection on the ground that the plates delivered did not conform to the order, in that there appeared thereon the words "made in Germany." Nonconformity was clearly patent. Use of those plates or any of them by the defendant was not necessary to discover the fact. "But if the thing purchased is found on examination * * * not to answer the order given for it, he must immediately return it to the vendor, or give him notice to take it back, and thereby rescind the contract, or he will be presumed to have acquiesced." Reed v. Randall, 29 N. Y. 358, 363, 86 Am. Dec. 305. That was the right and the duty of the defendant upon that first delivery; but the weight of evidence herein that the defendant so acted is with the plaintiffs, and not with the defendant. The president of the defendant testified that he immediately sent word to the plaintiffs that he did not want the plates. When asked how he sent word, he replied, "I think in writing, and telephoned, both." But there was no evidence of mailing, nor was there competent evidence of telephonic communication, as he testified that he did not know to whom he talked over the telephone, other than that a Mr. Rosenfeld (presumably Lowenfeld, a representative ·of the plaintiffs, who seems to have been called Lowenfeld and Rosenfeld interchangeably at the trial) "said it was he." Lowenfeld testified that he never received a letter or telephone message from the defendant, never received any communication or any information as to the return of the goods, that he· has never ·had, then or since, a telephone in his office, and this last fact was not contradicted. Furthermore, it appears from the testimony of the president of the defendant that it has used a few of the plates. This is not consonant with return, or offer to· return; as use of one was not necessary to determine nonconformity to order.